IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM ANDREW MCCASSEY | § | |
| Petitioner, | § | |
| V. | § | |
| | § | |
| SHERIFF GREG HAMILTON | § | A-15-CV-00393-RP-ML |
| Respondent. | § | |

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

Before the Court is Petitioner's § 2241 Petition for habeas corpus relief, received May 13, 2015 [Clerk's Dkt. #1] and Petitioner's Second Motion to Proceed in Forma Pauperis, received June 29, 2015. It appears from Petitioner's affidavit and attached statement of funds that he has a balance of less than $1.00 in his commissary account and therefore the filing fee of $5.00 required to bring this action is unduly burdensome.

Accordingly, the Court hereby **GRANTS** Plaintiff's request for in forma pauperis status. The Clerk of the Court shall file his complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although he has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Because Plaintiff is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e). As stated in detail below, based on this Court's review of Plaintiff's claims pursuant to

1

28 U.S.C. § 1915(e), the undersigned **RECOMMENDS** Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e).  Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

**I.  Background**

William Andrew McCassey complains of his confinement in the Travis County Correctional Complex, awaiting trial on criminal charges.  Petition [Dkt. #1] at 1.  He states he is not challenging the validity of a conviction or sentence as imposed.  *Id.* at 2.

McCassey asserts he filed an "1101 Habeas Corpus on modified 1107" grounds in the 390 District Court of Travis County, Texas, on April 25, 2015, alleging "ineffective assistance of counsel, indictment outside the statute of limitations, malitious [sic] incrimination, imparement [sic] of legal defense no adequate remedy of law."  *Id.* at 7.  His current §2241 Petition asserts similar grounds for relief.  *Id.* at 7-9.  McCassey asks this Court to "dismiss indictment under 18 U.S.C. §§ 3162, 3164, and discharge prosecution."  *Id.*

**II.  Exhaustion of State Court Remedies**

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241 if two requirements are satisfied.  First, the petitioner must be in custody. 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Second, the petitioner must have exhausted his available state remedies.  *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489, 93 S. Ct. 1123, 1127 (1973); *Saucier v. Warden*, 47 F.3d 426, 1995 WL 71331, at *1 (5th Cir. Jan.27, 1995) (court cannot reach merits of petition seeking pretrial federal habeas unless state habeas remedies have been exhausted).

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Thus, the petitioner must present his claims to the state courts in a procedurally correct manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Further, a claim is deemed "fairly presented" in state court only if the petitioner relies upon identical facts and legal theories in both the state court proceeding and the action for federal habeas relief, thereby alerting the state court to the federal nature of the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732-33 (1999); *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 887-88 (1995); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

McCassey's Petition, filed May 13, 2015, indicates he filed an application for pretrial writ of habeas corpus in the 390th Judicial District Court of Travis County, Texas on April 25, 2015, and that he is still waiting on the result of that petition. Dkt [#1] at 7. Because McCassey indicates these state habeas proceedings are ongoing, he has made no showing that he has exhausted his state court remedies, and any federal habeas corpus challenge must be dismissed as premature.

### III. Recommendation

The Magistrate Court RECOMMENDS that the District Court DISMISS William McCassey's Petition for A Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Dkt. #1] without prejudice for failure to exhaust his state court remedies.

### IV. Warning

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this the 2nd day of July, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE